**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TEES ON THE RUN, LLC, a Florida Limited
Liability Company,

        Plaintiff,

v.                              Case No. 8:12-cv-00824-MSS-TGW

CRICKETS & CO., INC., a Florida
Corporation, LACRESHA L. BARNETT, an
individual, SOUTHSIDE FARM & PET
SUPPLY, INC., a Florida Corporation,
RAZZLE DAZZLE, LLC, a Florida Limited
Liability Company and
SHERYL I. VITELLI, an individual,

        Defendants.
_____/

**DEFENDANTS CRICKETS & CO., INC. AND LACRESHA L. BARNETT'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendants Cricket & Co., Inc. and LaCresha L. Barnett (hereinafter "Defendants") hereby respond to Plaintiff Tees On the Run, LLC's Complaint as follows:

**Parties, Jurisdiction, and Venue**

1. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 1.

2. Admitted.

3. Admitted.

4. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 4.

5. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 5.

6. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 6.

7. Admitted that the Complaint purports to allege an action under the Copyright Act. Denied that the Complaint states a claim under the Copyright Act. Denied that Defendants are liable to Plaintiff for any claim arising under the Copyright Act. Defendants deny the remaining allegations of paragraph 7.

8. Admitted that this Court enjoys subject matter jurisdiction over the action. Defendants deny the remaining allegations of paragraph 8.

9. Admitted that the Defendants reside in this District and that the Court has personal jurisdiction over the Defendants. Defendants deny the remaining allegations of paragraph 9.

10. Admitted that venue is proper. Defendants deny the remaining allegations of paragraph 10.

**Statement of Facts as to All Counts**

11. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 11.

12. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 12, which appear to be limited to a statement of Plaintiff's opinion or belief. Defendants deny that the statement expressed represents an accurate definition of "Rhinestone Transfer Designs."

13. Admitted that the Complaint includes an Exhibit A. Defendants deny the remaining allegations of paragraph 13, including Plaintiff's characterizations of the exhibit and Plaintiff's claims of authorship, creation, and originality.

14. Denied.

15. Admitted that the Complaint includes an Exhibit B. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 15.

16. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 16.

17. Denied.

18. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 18.

19. Admitted that Defendant Cricket manufactures and sells rhinestone transfer designs, as well as merchandise bearing rhinestone transfer designs. Admitted that Defendant Cricket operates the websites www.cricketsandco.com and www.ffarhinestones.com. Defendants deny the remaining allegations of paragraph 19.

20. Admitted that Defendant Barnett is an officer of Crickets & Co., Inc. Defendants deny the remaining allegations of paragraph 20.

21. Admitted that Defendant Cricket purchased rhinestone transfer designs from Plaintiff. Defendants deny the remaining allegations of paragraph 21.

22. Admitted that Defendants do not offer Plaintiff's designs. Defendants deny the remaining allegations of paragraph 22.

23. Defendants deny the factual accuracy and Plaintiff's characterizations of Composite Exhibit C. Defendants deny the remaining allegations of paragraph 23.

24. Denied.

25. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 25.

26. Defendants deny the factual accuracy and Plaintiff's characterizations of Composite Exhibit D. Defendants specifically deny selling any infringing products or designs. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 26.

27. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 27.

28. Admitted that the Complaint includes Exhibits E and F. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 28.

29. Admitted that the Complaint includes an Exhibit G. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 29.

30. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 30.

31. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 31.

32. Admitted that the Complaint includes an Exhibit H. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 32.

33. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 33.

34. Denied.

35. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 35.

36. Admitted that the Complaint includes an Exhibit I. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 36.

37. Admitted that the Complaint includes an Exhibit J. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 37.

38. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 38.

39. Admitted that the Complaint includes an Exhibit K. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 39.

40. Admitted that Plaintiff sent Defendants a letter dated January 26, 2012. Defendants are without sufficient knowledge or information to admit or deny the allegations pertaining to other defendants named in this action. Defendants deny the remaining allegations of paragraph 40.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 45.

## COUNT I
### Copyright Infringement Under 17 U.S.C. §501 *et seq.*
### Against All Defendants

46. Defendants incorporate their responses set forth in paragraphs 1-45 above.

47. Admitted that the Complaint purports to allege an action under the Copyright Act. Denied that the Complaint states a claim under the Copyright Act. Denied that Defendants are liable to Plaintiff for any claim arising under the Copyright Act. Defendants deny the remaining allegations of paragraph 47.

5

48. Denied

49. Admitted that Defendant Cricket purchased rhinestone transfer designs from Plaintiff. Defendants deny the remaining allegations directed at the Defendants. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 48.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

Wherefore, Defendants Cricket & Co., Inc. and LaCresha L. Barnett pray that this Honorable Court enter judgment against Plaintiff, deny all relief requested by Plaintiff, award Defendants their costs and attorneys' fees, and such other relief as this Court deems just and proper.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense:**

Plaintiff has not been injured in any manner as a result of any act or omission of Defendants, or has failed to mitigate any such damages.

**Second Affirmative Defense:**

Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

**Third Affirmative Defense:**

Any similar elements of the accused works are in the public domain and the use thereof is fair use.

**Fourth Affirmative Defense:**

Plaintiff's claims of infringement are based upon the elements that do not constitute copyrightable subject matter owned by Plaintiff.

**Fifth Affirmative Defense:**

To the extent any valid copyright exists, one or more of the defendants in this action are authors and/or joint authors of the asserted works and authorized the use thereof.

**Sixth Affirmative Defense:**

Plaintiff is not entitled to statutory damages and/or attorneys' fees as the alleged conduct commenced prior to the registration by Plaintiff.

**Seventh Affirmative Defense:**

Any relief sought by Plaintiff is barred by the Doctrine of Equitable Estoppel.

**Eighth Affirmative Defense:**

Any relief sought by Plaintiff is barred by the Doctrine of Unclean Hands and its own inequitable conduct, including misrepresenting the scope of Plaintiff's rights in and to the

claimed works, and copying of the claimed works from third parties and/or the public domain.

**Ninth Affirmative Defense:**

Plaintiff lacks standing to assert the copyright infringement claim as it does not own the asserted works and/or has failed to properly register the asserted works.

**Tenth Affirmative Defense:**

Plaintiff's claim is barred by the Doctrine of Copyright Misuse because, *inter alia*, Plaintiff is aware that the work asserted is not original to Plaintiff and/or is not owned by Plaintiff, and because Plaintiff failed to meet statutory requirements. Despite its awareness of these facts and omissions, Plaintiff has intentionally misrepresented the scope of its interest in the asserted work. Upon information and belief, Plaintiff misrepresented the scope of its intellectual property rights to restrict competition in the market and file baseless lawsuits for improper purposes.

**Eleventh Affirmative Defense:**

Upon information and belief, Plaintiff made fraudulent misrepresentations to the United States Copyright Office, including, without limitation, the misrepresentations made in the application for copyright including the failure to disclose the pre-existing works Plaintiff incorporated and or derived the asserted work from, and the failure to properly attribute authorship, rendering the registrations invalid or unenforceable.

**Twelfth Affirmative Defense:**

Upon information and belief, Plaintiff is not the author or owner of the asserted works and therefore has no rights to assert herein.

**Thirteenth Affirmative Defense:**

Upon information and belief, any relief sought by Plaintiff is barred by the doctrines of

laches, waiver and/or acquiescence. By failing to allege that the accused activity violated its rights for a substantial period of time, Plaintiff voluntarily and intentionally waived its right to seek the requested relief. Plaintiff by its silence acknowledged that the accused activity was permissible.

**Fourteenth Affirmative Defense:**

Upon information and belief, Plaintiff failed to comply with notice provisions under the Copyright Act thereby invalidating certain copyrights or limiting the relief available.

**Fifteenth Affirmative Defense:**

Defendants' use of the accused works is subject to an express and/or implied licensed.

**Sixteenth Affirmative Defense:**

Defendants' use of the accused works is permissible under the first sale or exhaustion doctrine.

**DEMAND FOR ATTORNEYS' FEES**

Defendants seek an award of attorneys' fees for defending against the claim herein.

Respectfully submitted this 18th day of May, 2012.

*s/Jeffrey S. Boyles*
Jeffrey S. Boyles
Florida Bar No. 722308
jboyles@addmg.com
Tricia M. Wozniak
Florida Bar No. 71236
twozniak@addmg.com
Allen, Dyer, Doppelt, Milbrath & Gilchrist, P.A.
255 South Orange Avenue, Suite 1401
Post Office Box 3791
Orlando, Florida 32802-3791
Telephone: 407-841-2330
Facsimile: 407-841-2343

*Attorneys for Defendants*
*Cricket & Co., Inc. and LaCresha L. Barnett*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been electronically-filed with the Clerk of the Court utilizing the CM/ECF System this 18th day of May, 2012, which will electronically-transmit an electronic copy to:

>Robert L. Wolter, Esquire
>rwolter@iplawfl.com
>Amber L. Neilson, Esquire
>adavis@iplawfl.com
>Beusse, Wolter, Sanks, Mora & Maire
>390 North Orange Avenue Suite 2500
>Orlando, Florida 32801
>
>*Attorneys for Plaintiff*

>*s/Jeffrey S. Boyles*
>Jeffrey S. Boyles